LEONARD *vs.* THE STATE OF GEORGIA.

When principals in the first and second degrees are punished alike, no distinctions between them need be made in the indictment. The act of one is the act of all.

(*a.*) In this case, the defendant having been present and aided and abetted another in shooting a third party, and having been convicted of shooting at another, he had no ground to except thereto.

October 26, 1886.

Criminal Law. Indictment. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

Reported in the decision.

F. R. WALKER, for plaintiff in error.

C. D. HILL, solicitor-general: JAMES MAYSON, W. P. HILL, for the State.

HALL, Justice.

The defendant, Walter Leonard, was jointly indicted with Lewis Page and Allen Maxwell, for assault with

intent to murder Nelson D. Martin. There was but one count in the indictment, charging all the defendants as principals in the first degree. The evidence showed that Page shot and wounded the prosecutor, Martin, with a pistol, which had been furnished him, after the quarrel sprung up, by the defendant, and he and Maxwell were present and aided and abetted in the shooting ; in fact, that they pushed Page on the prosecutor and encouraged him, both by word and action, to do the deed. The defendant was convicted of shooting at another and sentenced to the penitentiary, and thereupon he made a motion for a new trial on several grounds, which was refused, and he excepted to the judgment overruling his motion and brought the case here for review.

The only ground, however, insisted upon here is, that as the defendant was not charged as principal in the second degree, and was not proved to have shot the pistol at the prosecutor, he could not be convicted under this indictment. The judgment given by the court below, in disposing of the motion for a new trial, sets out, in a succinct and clear manner, the law applicable to and governing the disputed question, viz : " That when principals in the first and second degrees are punished alike, no distinction need be made between them in the indictment; the act of one is the act of all." Code, §4309 ; Wharton's Cr. L. §§129, 130 ; *Hill's* case, 28 *Ga.* 604 ; *Washington's* case, 36 *Ga.* 222 ; *Plain's* case, 60 *Ga.* 284, 287. While the charge as to principals in the first and second degrees might have been perhaps more appropriate in a somewhat different form, it answered the practical purpose of explaining how Leonard could be guilty, although he did not do the shooting. This is as concise, accurate and comprehensive a statement of the law as can probably be found in the same space, and we might safely rest the discussion here without an additional word, and would do so were it not for the fact that some confusion in the mind of the profession has grown out of expressions used

by judges in delivering opinions, which seems to have originated in Judge Stephens' dissenting opinion in *Hill's* case *ut sup.*, and from an expression used by Warner, C. J., in *Washington's* case, where a party, charged as principal in the first degree, was found guilty as principal in the second. In delivering the judgment in this last case, the Chief Justice says of *Hill's* case : "If, however, the facts in that case were as assumed by Mr. Justice Stephens in his dissenting opinion, we concur with him in holding that, under an indictment against one as principal in the first degree, there can be no conviction of him as principal in the second degree ;" but the Chief Justice, in speaking of that case, had just said that the defendant was indicted as the principal perpetrator of the crime, and the court held that all the parties engaged in the transaction were principals, the stroke of one of the parties being in law the stroke of the other. What were the peculiar facts in that case, the report does not show. The principle asserted in that case we affirm as an abstract principle of law, without any knowledge of the facts to which it was applied. We are well satisfied that the view taken by the majority of the court in *Hill's* case (Lumpkin and Benning, JJ.) was that which had obtained in all previous cases, as well as subsequent cases in this court. Hopkins' Penal Laws, §§812–823, inclusive, 2165 *et seq.* That such was the principle uniformly acted upon by the English courts from a very early period, there cannot be the shadow of a doubt. The rule of pleading has always been that "where several are present and abet a fact, an indictment may lay it generally as done by all, or specially as done by one and abetted by the rest. And even in offences in which there could have been only one principal in the first degree, as in rape, a charge against all as principals in the first degree is valid, if there be no difference in the punishment between the principals in the first and those in the second degree ; though it should seem that the more correct form in a case of this kind would be to charge

the parties according to the facts as they will be proved." 1 Russell on Crimes, 57, and citations and references in notes (q) and (r) there. Though there are several grounds in the motion for a new trial, they make no other question than the foregoing. The defendant not only furnished the pistol with which the shooting was done at the commencement of the difficulty, but was present throughout the same, inciting and urging Page to shoot and actually pushed on the prosecutor when he shot him; he did everything towards the consummation of the offence except to discharge the pistol, which he had placed in the hands of his confederate for the purpose of this deadly assault. He was convicted of the offence of shooting at another, when it is apparent that he should have been found guilty of the graver charge set forth in the indictment, and has probably escaped with a lighter punishment than his misdeeds merited under the law.

Judgment affirmed.