McWHORTER *v.* THE STATE.

1. The fact of a former sentence must be charged in the indictment, where a second conviction would affect the grade of the offense, or require the imposition of a different punishment.
2. The maximum penalty might be imposed on a first conviction for burglary, and the requirement of the Penal Code, § 1042, that it must be imposed in the event of a second conviction, does not alter the character of the original offense, or provide for a different punishment.
3. Allegation and proof that the defendant had previously been sentenced to imprisonment in the penitentiary would tend to his prejudice, and need not be made as a basis for the imposition of the maximum penalty provided by the Penal Code, § 1042.
4. After a second conviction the judge may inspect the record of the former trial, act on his own knowledge, or hear evidence to satisfy himself of the identity of the accused.
5. One who stands near by and watches while his confederate breaks and enters a house with intent to steal therefrom is guilty of burglary as principal in the second degree. The act of one is the act of both ; and as principals in the first and second degree are punished alike, no distinction between them need be made in the indictment. *Leonard* v. *State*, 77 *Ga.* 764 ; *Collins* v. *State*, 88 *Ga.* 347 ; Penal Code, §§ 42, 43.
6. Where a witness who has been put under the rule remains in the court-room. he is not thereby rendered incompetent. He might be subject to attachment for contempt ; but to exclude him altogether might deprive a party of the only witness by which a fact in issue might be established. *May* v. *State,* 90 *Ga.* 800.
7. The preliminary proof was sufficient to admit the confession ; and the verdict was sustained by the evidence.

Argued April 29, — Decided May 30, 1903.

Indictment for burglary. Before Judge Felton. Bibb superior court. March 31, 1903.

The indictment charged that Eugene McWhorter and Bud Chapman did break and enter the storehouse of D. F. Long, with the intent to commit a larceny therein, and did steal therein fifteen dollars and a knife. They severed. McWhorter was found guilty, and sentenced to a term of twenty years in the penitentiary. He excepted to the overruling of his motion for a new trial. The motion alleged, beside the general grounds, that the court erred :

1. In giving the maximum sentence, and in stating, as a ground for so doing, that the defendant, about five years before, had been sentenced by the same judge to a term of five years upon conviction of burglary. There was no evidence before the jury that the

defendant had ever been convicted or sentenced, and the court could not take judicial cognizance of the matter.

2. In refusing a request to charge the jury as follows: " If you believe that the defendant, although connected with the commission of the crime with which he stands charged, was not the actual perpetrator of the crime, i. e., he did not actually break and enter the house alleged to have been burglarized, although the evidence may show that he stood two hundred yards away in watching, he would not be guilty of the crime of burglary.   In order to convict the defendant of burglary, the evidence must show beyond a reasonable doubt that he broke and entered the house alleged in the bill of indictment, with intent to commit a felony or larceny.   If you believe that he did not actually break and enter, it would be your duty to return a verdict of not guilty."

3. In allowing Bud Chapman's testimony to go to the jury, he having been in the court-room during the whole of the trial, and the rule having been invoked.

4. In admitting the testimony of Bud Chapman, that, while confined in the same cell with defendant McWhorter and Cornelius Howard, he heard McWhorter ask Howard to write for him letters to Mr. Blount and Judge Felton, and to say he wanted to plead guilty in order to get a chain-gang sentence; that "he handed it to him;" and that Chapman did not hear any one threaten McWhorter.   This was objected to on the ground that it did not appear that the admission or confession was made without hope of reward, and that the foundation for receiving it had not been laid.

The evidence showed that the house was broken as alleged, and that the knife and some of the money stolen were found on the person of McWhorter when he was thereafter arrested.

*Lewis B. Herrington* and *Glawson & Fowler*, for plaintiff in error. *William Brunson, solicitor-general*, contra.

LAMAR, J.   The plaintiff in error insists that the maximum penalty under the Penal Code, §1042, could not be legally imposed on him, as the fact of the former conviction was not set out in the indictment and found by the jury.   Where the second conviction changes the grade of the offense, or authorizes a higher penalty than could otherwise have been imposed, the former conviction enters as an element into the new offense, and must be alleged as

a necessary part of the description and character of the crime intended to be punished.    *State* v. *Hines*, 26 *Ga.* 614; Cobb's Dig. 827.    Under the code the punishment for the second offense does not exceed that which might be legally imposed for the first conviction; and had the judge, without the aid of this section, sentenced the prisoner for the longest term, there would be no right in this court to control his discretion.    In mercy to the defendant the law will not require the first conviction to be set out in the indictment, or allow it to be proved.    Such allegation and proof would naturally tend to his prejudice.    It would in effect tend to prove bad character, a fact which the law will not ordinarily allow to be shown unless the defendant himself tenders the issue.    After conviction, if it is sought to show that the maximum penalty must be inflicted, the court may satisfy himself by an inspection of the previous record, act on his own knowledge, or hear evidence to satisfy himself as to the identity of the person.    In this manner the purpose of the law may be subserved without multiplying the issues and embarrassing the defendant on his second trial.

One who stands near by and watches while his confederate breaks and enters a house and steals therefrom is guilty of burglary as principal in the second degree.    The act of one is the act of both, and principals in the first and second degree being punished alike, no distinction need be made in the indictment.    *Leonard* v. *State*, 77 *Ga.* 764; *Collins* v. *State*, 88 *Ga.* 347; Penal Code, §§ 42, 43.

The rights of the parties should not be affected by the acts of a witness where he has been put under the rule, returns to the courtroom, and hears the testimony of other witnesses, nor does he by so doing render himself incompetent to testify.    He may be subject to attachment for contempt; but to exclude him might deprive a party of the testimony of the only person by whom a fact in issue could be established.    *Rooks* v. *State*, 65 *Ga.* 230 ; *May* v. *State*, 90 *Ga.* 800.    In the present instance the witness had not been summoned, but was the codefendant in the custody of an officer, and the solicitor-general did not know he would be used as a witness at the time the others retired.    The preliminary proof was sufficient to admit the confession by the prisoner, and the verdict was sustained by the evidence.

.    *Judgment affirmed.    By five Justices.*