### 5622. ANDERSON *v.* THE STATE.

WADE, J. 1. While the evidence for the State largely tended to establish a case of murder, the testimony for the defendant required a charge on the law of manslaughter, as it showed that the defendant and the deceased, following up a previous difficulty, engaged in a wordy and threatening altercation only five or ten minutes before the fatal affray, that "both of them had their guns out of their pockets," and that each "wanted to shoot the other then;" and when the killing took place, while the deceased may have actually fired first, the defendant had his pistol in his hand and responded with a fusillade of bullets. There was ample evidence to authorize the inference that the defendant may have acted upon a sudden heat of passion, or that there was a mutual intention to combat.

2. The jury saw fit to accept the evidence supporting the theory of manslaughter, and hence the charge of the court on the law more especially applicable to murder, and particularly on the question of provoking the danger which may have resulted in the killing, could not have injuriously affected the defendant; nor was the charge argumentative. It was full and fair, and free from substantial error. On a conviction of manslaughter, if the killing was the result of a sudden heat of

passion, it is immaterial who provoked the difficulty or how justifiably that passion may have been aroused. *Gann* v. *State*, 30 *Ga.* 67.

*Judgment affirmed.*

DECIDED MAY 16, 1914.

Indictment for murder; from Laurens superior court—Judge Hawkins. February 5, 1914.

*J. S. Adams*, for plaintiff in error.

*E. L. Stephens, solicitor-general*, contra.