### 14522.   HOWARD *v.* ECHOLS.

1. "Where witnesses have been separated at request of counsel, a person not sworn and sequestered, but who has remained in the court-room and heard the testimony in the case, is still competent to testify as a witness in the cause. If he has been purposely kept in the court-room in disobedience of the orders of the court, with knowledge of the fact that he was to be used as a witness, the fact that he has heard the testimony goes to his credit, and the court may punish either the party who caused him to remain in the court-room or the witness himself, or both, according to the circumstances, for contempt of court; but it is error to refuse to allow him to testify, unless the party offering him has expressly waived the right to use the witness." "A party's right to have the testimony of any witness, when material to the assertion of his rights, is, under the provisions of the evidence act of 1889 (Civil Code, § 5269 [Civil Code of 1910, § 5858], unabridged, except by the exceptions therein specified, and is unaffected by section 5280 of the Civil Code [Civil Code of 1910, § 5869], which relates to the sequestration of witnesses." *Thomas* v. *State*, 7 *Ga. App.* 615 (1) (2) (67 S. E. 707). See also *Wallace* v. *Mize*, 153 *Ga.* 374 (8), 388 (112 S. E. 724). Under this ruling the court erred in refusing to allow a witness to give material evidence in behalf of the defendant, on the

ground that the proffered witness had been in the court-room in violation of an order for the sequestration of the witnesses.

2. One of the excerpts from the charge improperly assumed a disputed material fact in favor of the plaintiff, and, under the Civil Code, § 4863, was error. The evidence authorized the verdict found for the plaintiff, but, for the errors noted in this and the preceding headnote, the defendant was entitled to the grant of a new trial.

DECIDED DECEMBER 10, 1923.

Action for damages; from Forsyth superior court—Judge Blair. March 10, 1923.

*Clay & Blair, Morris & Hawkins,* for plaintiff in error.

*H. L. Patterson,* contra.

BELL, J. This was an action for the alleged seduction of the plaintiff's daughter. A verdict was found for the plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

1. In one of the grounds of the motion for a new trial it is complained that the court erred in refusing to allow a witness to testify in behalf of the defendant, on the ground that the proffered witness had remained in the court-room in violation of an order for the sequestration of the witnesses. Some time before the filing of the action a warrant had been issued for the arrest of the defendant on the charge of seduction. The plaintiff, in rebuttal of the evidence of the defendant, testified: "When I had him arrested he says he didn't ask for any settlement, and he certainly did. . . He says 'I will settle this matter if you will settle it right before it goes any further.' . . Mr. Lewis Ledbetter was there and heard this." The defendant had testified in reference to the alleged offer of settlement only upon cross-examination, denying the imputation in answer to questions propounded. He does not appear to have volunteered the issue. Thereafter and in due course the defendant proposed to prove by Lewis Ledbetter that this evidence of the plaintiff was untrue; that no such conversation took place between the plaintiff and the defendant at the time and place mentioned. Mr. Ledbetter had been called as a witness for the defendant, had taken the witness's oath, and had been excluded with the other witnesses under the rule of sequestration. The plaintiff objected to the testimony, on the ground that the witness had violated the rule and had been in the court-room while the testimony of the plaintiff above quoted was being delivered. It appears that his presence in the court-room at the particular time

had been by the consent of the defendant's attorney, but not that it was the intention of the attorney to waive the privilege of introducing him as a witness. It is fair to say that the statement of the defendant's counsel would indicate also that there was no improper motive in consenting for the witness to be relieved of the rule, but this is immaterial to a decision. The testimony as given by the plaintiff,—namely, that the defendant, on being arrested under the charge of seduction, sought a settlement,—was relevant and material to be considered by the jury in passing upon the defendant's guilt. The offer of settlement, if made, had reference to the criminal charge, because the civil case had not then been filed. It was not, therefore, such an offer of compromise as should have been excluded. Under the decisions cited in the headnote, it was error to refuse to permit the witness to testify. Having heard the plaintiff's testimony would go to his credit, but would not render him incompetent, and his misconduct, while not operating to disqualify him, simply rendered him amenable to the court as for a contempt. The rule would be the same even if the defendant's attorney might have been subject to the same correction. *Cunningham* v. *State,* 97 *Ga.* 214 (1) (22 S. E. 954). It is true in the case at bar, as in that case, that the evidence rejected was only of an impeaching character, but we cannot rule, as was done there, that the testimony was of "little or no materiality." See *Blitch-Everett Co.* v. *Jackson,* 29 *Ga. App.* 440 (116 S. E. 47). It had for its purpose the refutation of a material circumstance testified to by the plaintiff, which might have influenced the jury in concluding that the defendant was guilty.

2. It is assigned further that the court erred in charging as follows: "In dealing with these two questions, with reference to that, you can consider all the facts and circumstances in the case, consider any evidence that showed licentiousness of mind on the part of the female, in determining whether she was virtuous at the time of the alleged seduction, and also whether she was seduced, or whether she yielded simply to gratify her own desires." It is complained that the charge intimated an opinion on the part of the court that the intercourse occurred between the parties as the plaintiff contended, and that the court invaded the province of the jury in assuming this as a fact, when it was a disputed issue in the case. The "two questions" had previously been stated by

the court, as whether the female was virtuous and whether she had been seduced. We believe that the charge was error. Civil Code (1910), § 4863. If the court anywhere else in the charge had fully submitted the defendant's contention that he never at any time had with the plaintiff's daughter the intercourse alleged, we should be disposed to hold that the error here was so slight as to be negligible, but we have examined the charge carefully, and find that this issue was nowhere clearly presented. The jury were possibly led to minimize the issue, or to assume it in favor of the plaintiff, as they proceeded to settle the other disputes contained in the evidence. The excerpt improperly assumed in favor of the plaintiff the fact of the sexual relation.

The court did not err in refusing a certain request to charge, which, though embodying a correct principle of law, was inapplicable to the issues as developed by the evidence; and a charge given in lieu of the one requested, though perhaps incorrect, was not prejudicial, in view of the issues so made.

Other excerpts from the charge are excepted to in the motion, but any inaccuracies therein were so slight that they could not have been harmful. It is unnecessary for us to pass upon the ground of the motion based upon alleged newly discovered evidence, the judgment being reversed for other reasons. The other assignments are without merit. The verdict found for the plaintiff was authorized by the evidence, and a new trial is awarded solely because of error during the trial.

We are frank to say that under the issues as made in the particular case, we do not consider that any of the errors were exceedingly grave. The trouble has been in determining whether any of them were so prejudicial as to require a new trial. We cannot escape the conclusion, however, that for the two errors noted in this and the preceding division of the opinion the defendant was entitled to a new trial.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*