31656.   JONES *v.* THE STATE.

Decided September 4, 1947.

612

*George M. Mixon, Graydon D. Reddick,* for plaintiff in error.
*Harvey L. Jay, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 3 being an amplification of the general grounds, the same are considered together. While the testimony of Ella Mae Gray contains many discrepancies that would have authorized the jury to have disregarded it entirely, yet they were authorized, if they saw fit to do so, to believe her. "The jury are the proper judges of the weight and sufficiency of testimony and of the credibility of witnesses, and this court will not disturb the verdict of a jury where there is evidence to support its findings. . . *Stricklin* v. *Crawley,* 1 *Ga. App.* 139 (58 S. E. 215) ; *Charles* v. *Brooker,* 1 *Ga. App.* 219 (58 S. E. 218) ; *Daughtry* v. *S. & S. Ry. Co.,* 1 *Ga. App.* 393 (58 S. E. 230)." *Unity Cotton Mills* v. *Hasty,* 19 *Ga. App.* 588, 590 (supra). The evidence authorized the verdict.

■ Special ground 1 complains of the action of the court, in the course of the trial, when the witnesses were sworn and the rule for sequestration was invoked under Code, § 38-1703, and the court permitted, over objection of the defendant's counsel, R. E. Lee, a witness for the State, to remain in court; it being contended that the presence of said witness, a white man and in charge of the property on which the arson is alleged to have been committed, would intimidate the colored witnesses for the State who lived on said property. This court can see where, under some circumstances, such a condition might develop that would result in the defendant not receiving a fair trial. However, the trial court, having all the parties before it, is in better position to determine this question than this court. The codifiers no doubt considered this angle in placing this section in the Code, containing the language, "The court shall take proper care to effect this object as far as practicable and convenient." The trial court, on motion of defense counsel of this nature, should look carefully into the circumstances and rule so as to insure a fair trial for both the State and the accused. However, it is a matter within the discretion of the trial court. *Talley* v. *State, 2 Ga. App.* 395 (supra); *City Electric Ry. Co.* v. *Smith, 121 Ga.* 663 (supra).

■ Special ground 2 assigns error on the testimony of R. E. Lee, a witness for the State, over timely objection, that there was bad feeling toward him on the part of the defendant. Section 38-1708 of the Code provides as follows: "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor; but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." The evidence discloses that the witness Lee had rented the land on which the house in question was located. He was permitted by the court to remain in court, although the rule for the separation of witnesses had been invoked. He was not listed on the indictment as a prosecutor, but his interest in the case was such that he occupied the role of prosecutor. The state of the feelings of the defendant toward him was material as a circumstance tending to show motive. However, the state of the defendant's feelings toward the witness is not a question of opinion, but is an issue as to the existence of a fact. The evidence was, therefore, inadmissible. Since

under some circumstances such inadmissible evidence is harmful and under other circumstances harmless, we must look to the particular circumstance surrounding the introduction of this evidence and determine whether or not the same was harmful to the defendant. The expression of the opinion of a witness amounting to a conclusion is harmless where there is ample evidence to support the inference. *Central of Ga. Ry. Co.* v. *Butler Marble Co.,* 8 *Ga. App.* 2 (8) (supra); *Fundy* v. *State,* 30 *Ga.* 400. See also *Cornelia Planing Mill Co.* v. *Wilcox,* 129 *Ga.* 522 (supra). The evidence of Mr. Lee in the instant case, from which he sought to draw the inference, was to the effect that he had pulled some stumps which he intended to have hauled to his house or into town to be used for kindling; that, upon missing some of the stumps and being informed that they were at the house of the defendant, he investigated and, finding the stumps at the house of the defendant, notified him to have the stumps back where he got them in fifteen minutes. The defendant returned the stumps to his farm. In our opinion this evidence does not show that the witness knew what the state of the feelings of the defendant was toward him. The assignment of error is sufficient and nothing in *Clare* v. *Drexler,* 152 *Ga.* 419 (110 S. E. 176) is construed to hold to the contrary. The assignment is as follows: Because R. E. Lee, witness for the State, was permitted to testify, over timely objection of the defense that there was bad feeling toward him on the part of the defendant, and the defendant objected to this testimony on the grounds that it was based solely on opinion and was irrelevant and highly prejudicial. The trial judge approved this recital of fact as true and correct. The substance of the evidence complained of is set forth and the court certified that the objection to it was timely. Code, § 38-1712, relied upon in the brief of counsel for the State relates to the state of the witness's feelings toward the parties, and not the state of the feelings of a party toward the witness. The relative standing of the witness and the defendant was such that the testimony complained of would necessarily have been prejudicial to the defendant, and its admission constitutes harmful error.

■ Special ground 4 assigns error on the failure of the State to prove that the defendant set fire and caused the house in question to be burned with the intent to defraud, the indictment charg-

ing him with having done so wilfully, feloniously, maliciously, and with the intent to defraud. It is contended that, these elements in the indictment, having been alleged conjunctively, it is incumbent upon the State to prove each and every one of them. The defendant was indicted under § 26-2208 of the Code, which provides as follows: "Any person who wilfully or maliciously, or with intent to defraud, sets fire to, or burns, or causes to be burned, or who aids, counsels or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, the property of himself or of another, shall be guilty of arson and upon conviction thereof be sentenced to the penitentiary for not less than two nor more than 20 years." The elements of wilfulness, malice, and intent to defraud, or some one of these elements is essential to make out the crime. Section 27-701 of the Code provides as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." Notwithstanding this provision of the Code, it is the rule in this State that an indictment or accusation charging a crime in the alternative, when the offense may be committed in more than one way, is subject to special demurrer. *Haley* v. *State,* 124 *Ga.* 216 (52 S. E. 159); *Statham* v. *State,* 50 *Ga. App.* 165 (2) 167, 168 (supra). While the alternatives in the statute in the instant case relate to the motive rather than the method, we think that the same rule applies. Accordingly, it is proper for the indictment in such cases to allege conjunctively, and the State makes a prima facie case upon its establishment by proof of any one or more of the methods of committing the one offense charged. It was not incumbent on the State to prove intent to defraud in this case. This assignment of error is without merit.

However, the judgment of this court is controlled by the ruling in division 3 hereof.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*