104 N.J. Super. 302 (1969)
250 A.2d 23
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEVEN DUFFEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1969.
Decided February 3, 1969.
Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Michael Blacker, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Elliot L. Katz, Assistant County Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
PER CURIAM.
Defendant appeals from a judgment based upon a jury verdict of guilty of attempted escape from a *303 county jail. Numerous points for reversal are raised by defense counsel and individually by defendant acting pro se.
None of the arguments advanced has any substance except for the claim that the trial judge erred in denying defense counsel's motion, made before anyone was called to the witness stand, to sequester the State's witnesses. After counsel had stated his reasons in support of the motion, the trial judge said there was no showing that the circumstances of the case were unique so as to call for sequestration. This was error.
In State v. DiModica, 40 N.J. 404 (1963), the court, referring to its earlier opinion in State v. Williams, 29 N.J. 27, 45-46 (1959), said:
"That sequestration is discretionary with the trial court is the rule in the great majority of jurisdictions. Annotation, 32 A.L.R.2d 358 (1953); 6 Wigmore, Evidence, § 1839, p. 359 (3d ed. 1940) (citing cases). Dean Wigmore, while recognizing the majority rule, is of the opinion that sequestration should be allowed as a matter of right. 6 Wigmore, supra, at p. 357. We reserved this question in State v. Williams, 29 N.J. 27 (1959), as reversal was there required for other reasons. Nevertheless, we observed that the reason for sequestration is to prevent prospective witnesses from hearing what the other witnesses detail in their evidence, `for the less a witness hears of another's testimony the more likely is he to declare his own knowledge simply and unbiassed' (quoting from State v. Zellers, 7 N.J.L. 220, 226 (Sup. Ct. 1824)). State v. Williams, supra, 29 N.J., at p. 46. And we noted that an exercise of sound discretion ordinarily requires that a motion for sequestration be granted. Ibid. We add that in order to uphold the denial of a timely motion for sequestration the record should disclose a sound basis for such denial. Where there is an arbitrary denial of a timely motion, it is not necessary for the defendant to show that he has been prejudiced thereby. Such a showing would be virtually impossible to make, for no one can tell how the later witnesses' testimony might have differed had the motion been allowed. * * *" (at page 413.)
The record in this case does not show a sound reason for the denial of the motion for sequestration. The rule so carefully and deliberately adopted in DiModica must be followed.
Reversed and remanded for a new trial.