45833.   STUART v. THE STATE.

EVANS, Judge. The defendant was indicted, along with several other persons, for murder. He was thereafter tried and convicted and sentenced to serve 14 years' imprisonment for voluntary manslaughter. The appeal is from this final judgment, as well as from the order overruling and denying his motion for new trial, as amended. Twenty-four grounds of error are enumerated. However, no oral argument was made, and counsel confines his written argument to (1) the sufficiency of the evidence to authorize a conviction; (2) an alleged abuse of discretion by the trial judge in failing to grant defense counsel's motion for sequestration of witnesses and permitting a State's witness to remain in the courtroom for the purpose of assisting the prosecuting attorney, and in not requiring this witness to give his testimony prior to the examination of other witnesses; (3) the denial of defendant's motion for a mistrial when the prosecuting attorney made extremely improper and prejudicial

remarks in the presence of the jury, and although the court instructed the jury to disregard the comment, yet counsel was not reprimanded for making it; (4) the instruction to the jury on voluntary manslaughter in the heat of passion because there was no evidence in the case to justify such charge; (5) failure to instruct the jury that in determining the question of voluntary manslaughter where conspiracy had previously been charged, the question of conspiracy should not be considered; and (6) failure to instruct the jury on the issue of credibility of a witness who had been allowed to remain in the courtroom and hear the testimony of other witnesses for the State before giving his own testimony. Counsel for appellant advised that a supplemental brief would be filed, arguing all of the other errors enumerated, but none has been filed. The only errors that can be considered, therefore, are those set forth above. *Held:*

1. It is possible to violate *Code* § 38-1703 as to sequestration of witnesses in more than one way. First, the trial judge may abuse his discretion in applying said statute, by permitting these witnesses to remain in the courtroom. See *Pippins v. State,* 224 Ga. 462 (2) (162 SE2d 338). Or the trial judge may fail to exercise the discretion vested in him, which would, in effect, be the same as abusing said discretion. Next, the trial judge may permit the witnesses to testify without proper foundation having been laid for bringing them within some exception to the rule of sequestration, once said rule is invoked. The trial judge has wide discretion in such matters.

The court shall take proper care to administer the law of sequestration, so far as practicable and convenient. Any mere irregularity shall not exclude the witness. It is proper that such witness who is allowed to remain in the courtroom should be first examined, out of the hearing of the other witnesses, unless there be reasons for not following this rule. The particular circumstances of each case shall control, under the discretion of the court. See *Tift v. Jones,* 52 Ga. 538, 542.

The movant in the motion for new trial not only contended that the trial court abused its discretion under *Code* § 38-1703 by permitting a certain detective, who was also a witness, to remain in the courtroom after sequestration, but counsel also in-

sisted that this witness should be required to testify first. The solicitor did not want to call this witness first. Whereupon the judge ruled: "Well, the law states that it is a discretionary matter, but you're entitled to have with you a witness who aids in the prosecution of the case, and also it's been the policy in this court *in every case* that you be allowed to place the witness during the particular trial in order of the proof that you desire." (Emphasis supplied.) Thus the judge refused to exercise any discretion but followed *his policy* of allowing the solicitor *to call the witnesses as he pleased.* The correct rule is to require, "unless there be special reasons to the contrary," that such witness be examined in the absence of other witnesses. *Tift v. Jones,* 52 Ga. 538 (4), supra; *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785); *Montos v. State,* 212 Ga. 764 (95 SE2d 792); *McGruder v. State,* 213 Ga. 259 (98 SE2d 564); *Massey v. State,* 220 Ga. 883, 895 (142 SE2d 832). The fair rights of the party calling for the rule must be secured, provided the efficiency of the court is not thereby obstructed. The trial judge cannot refuse to accede to such timely requests, and if he does so, it is a denial of a substantial and positive right of that party. The State must show that the witness it requests to be allowed to remain in the courtroom is needed to assist in the conduct of the case, or, if an officer, to guard against an escape by the defendant; or some other reason why the rule shall not be strictly followed. But we do not pass upon whether or not the court initially erred in allowing the detective to remain in the courtroom, since we must also decide whether the court erred in not requiring this witness to testify first. See *Shaw v. State,* 102 Ga. 660 (5) (29 SE 477); *Hall v. Hall,* 220 Ga. 677 (1) (141 SE2d 400); *Talley v. State,* 2 Ga. App. 395 (58 SE 667); *Jones v. State,* 75 Ga. App. 610 (2) (44 SE2d 174). It is discretionary with the judge in consideration of the exigencies of the case to see that this rule is obeyed insofar as is possible, yet the judge did not exercise any discretion here, and accordingly a new trial is required. *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539). The error enumerating the denial of the motion for new trial based on this ground is meritorious.

2. During the trial the prosecuting attorney asked the judge if he

might ask counsel for the defendant if he was going to have "the other co-defendant testify . . . he said he rested?" The judge replied: "You don't have the right to make that inquiry." Whereupon a motion for mistrial was made and denied after considerable discussion and argument in which the judge decided he did not feel it was prejudicial to the extent of depriving the defendant of a fair and impartial trial. When the jury returned, the judge made no remarks to them but after a few moments instructed them that the remarks of the prosecuting attorney a few moments before were improper and asked the jury to totally disregard this and dismiss it from their minds. The judge had promptly instructed counsel his remark was improper. Further, having a second thought on the matter he instructed the jury it was improper and to totally disregard it. It thus appears the judge took proper steps to correct the situation. It cannot be said he did not reprimand counsel although he may not have chastised him as defense counsel would have desired. The judge did not err in denying the motion for mistrial. See *Johnson v. State,* 150 Ga. 67 (1) (102 SE 439); *Nelson v. State,* 187 Ga. 576, 583 (1 SE2d 641); *Wells v. State,* 194 Ga. 70 (5) (20 SE2d 580). The grounds of complaint arising out of the denial of the motion for mistrial are not meritorious.

3. Where a witness who was riding in the car with the deceased testified that they had stolen gasoline from certain church buses, and after putting the gasoline in a car in which they were riding they were followed by another car which was trying to stop them, and at one point they ran the car that was following them off the road, and witness told the occupants of his car to duck "because I thought they were pretty mad and was going to shoot," sufficient evidence is shown on which to charge the jury on voluntary manslaughter in that the defendant may have acted upon a sudden heat of passion. Whenever there is evidence, however slight, sufficient to raise a doubt as to whether or not the homicide was murder or manslaughter, it is the duty of the judge to instruct the jury as to the law applicable to both murder and manslaughter. *Anderson v. State,* 14 Ga. App. 607 (81 SE 802); *North v. State,* 69 Ga. App. 836 (1) (26 SE2d 892); *Wager v. State,* 74 Ga. App. 729 (41 SE2d 342);

*McKinney v. State,* 121 Ga. App. 815 (6) (175 SE2d 893), and cases cited.

4. The evidence here was sufficient to authorize a charge on the law of conspiracy. The mere fact that there was other evidence which would authorize a charge on voluntary manslaughter so as to authorize the jury to reduce the charge to voluntary manslaughter occurring in the heat of passion, thereby excluding any question of deliberation or malice, would not require a charge to the jury that the question of conspiracy should no longer be considered in determining the question of voluntary manslaughter. This is particularly true when there was no written request to so charge. Since there was no written request, we find no harmful error in the charge as given here. The case of *Grier v. State,* 212 Ga. 248, 254 (91 SE2d 749) is merely a ruling that the court did not err in instructing the jury that if they had a reasonable doubt as to the defendant's guilt as to the offense of murder, it would be their duty to look to all the evidence in the case, including the defendant's statement to determine whether the defendant was guilty of the lesser offense of manslaughter. The grounds of complaint as to the charge here are not meritorious.

5. While the witnesses were under the rule here, Detective Burgess was allowed to remain in the courtroom to assist the prosecuting attorney. Thereafter he was used as a witness (which is the subject matter of Headnote 1 of this opinion) and heard other testimony before testifying himself. This would not require a special charge by the court without request as to the credibility of this witness. This witness did not disobey an order of the court and was not subject to a citation for contempt. We find nothing in *McWhorter v. State,* 118 Ga. 55 (6) (44 SE 873) or *Phillips v. State,* 121 Ga. 358 (3) (49 SE 290) calling for a different ruling. Further, the court's general charge on the credibility of witnesses was sufficient instruction without a request as to their means and opportunity for knowing the facts to which they testified; and as to the probability or improbability of their testimony, their interest or want of interest. The burden is always on the party alleging error to show it affirmatively by the record, and that it was harmful to him. See *Dill*

*v. State,* 222 Ga. 793 (1) (152 SE2d 741), and cases cited therein. This ground of complaint is not meritorious.

6. The evidence here authorized the verdict. There is no error in any of the complaints averring that the evidence was insufficient to support the same. However, for the reasons stated in Headnote 1, a new trial is necessary.

*Judgment reversed. Quillian, J., concurs. Jordan, P. J., concurs in the judgment.*

SUBMITTED JANUARY 7, 1971—DECIDED FEBRUARY 11, 1971—
REHEARING DENIED MARCH 2, 1971—CERT. APPLIED FOR.

*James R. Venable, Margaret Hopkins, James Studdard, H. G. McBrayer, Jr.,* for appellant.

*H. Eugene Brown, District Attorney,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, State's counsel urges that defendant's motion as to the witnesses was too general to be treated as a motion to sequester. The trial judge did not experience any difficulty in so interpreting the motion, because he used this language: "All right, the *rule of sequestration* has been asked for *for both sides,* which means all witnesses must remain outside the courtroom during the progress of the trial. . ." (Emphasis supplied.)

Next, State's counsel urges that defendant waived the right to complain by failing to object to the witness testifying when called to the stand. There was nothing that could have been done to prevent the witness from testifying. A party has the absolute right to place his witnesses on the stand even in cases when they deliberately violate the rule of sequestration. *Howard v. Echols,* 31 Ga. App. 420 (120 SE 815); *Shelton v. State,* 111 Ga. App. 351 (1) (141 SE2d 776); *Palmer v. Stevens,* 115 Ga. App. 398 (6) (154 SE2d 803). If defendant had objected to the witness testifying, the trial court would have been required to overrule said objection. A party is never required to do a vain and useless thing before undertaking to assert his rights. *Finney v. Blalock,* 206 Ga. 655, 660 (58 SE2d 429). State's counsel cites several cases on this point but each of them deals with the question of *introduction of testimony,* whereas in the case sub judice we do not reach that point; the

error here committed was in that the trial judge refused to grant the right of sequestration as to the State's witnesses, when motion was made therefor by defendant's counsel, under *Code* § 38-1703, and then refused to grant defendant's motion that the witness who was allowed to remain in the courtroom be first sworn, so he would not be permitted to hear the testimony of the other witnesses for the State before delivering his own testimony.

It is quite true that the trial judge has broad discretion in such matters, but no facts appear in the record on which he could premise his discretion, and more important, the record shows he did not exercise discretion in his rulings.

State's counsel did not request the presence of the witness so the witness might aid in the prosecution; he merely stated that "I would like to have permission to have Detective Burgess *sit at the table.* He helped to conduct the investigation, and *I'd like to call him as a witness.*" (Emphasis supplied.) Such language suggests that the only reason for wanting the witness to sit at the table was so he would be readily available when called upon to testify.

Then when defendant's counsel moved to require the witness to be first sworn if the trial judge were going to permit him to remain in the courtroom (*Tift v. Jones,* 52 Ga. 538, 542) State's counsel argued that the law did not require that the witness be first sworn, but that it would make better sense to the jury "if I were to put him up in order." He did nothing to advise the trial judge or opposing counsel as to what he meant by "in order," nor at what point in the case he would be sworn, nor was anything stated to show why he could not be sworn first. The trial judge then ruled: "Well, the law states that it is a discretionary matter, *but you're entitled to have with you a witness who aids in the prosecution of the case, and also it's been the policy in this court in every case that you be allowed to place the witness during the particular order of the proof that you desire.*" (Emphasis supplied.) These rulings were erroneous, because: a. State's counsel was not entitled to have such witness with him; it was a *discretionary* matter and unless the situation was one on which the discretion of the judge could properly rest, the witness was not entitled to remain in the courtroom. b. Absolutely no statement was made to show that the witness was needed to "aid in the prosecution of the

318

case." c. The trial judge refused to exercise any discretion as to whether he would require the witness to be first sworn (see *Tift v. Jones,* 52 Ga. 538, 542, supra), but simply followed his "policy" (which policy he followed "in every case") of allowing the State's counsel to use any order of proof that he desired, without regard to its propriety or clarity in that order. It has been held repeatedly by the appellate courts of Georgia that where a judge has a discretion, he must exercise that discretion, and his failure to use that discretion is error. *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539); *Cotton States Seed &c. Co. v. Macon D. & S. R. Co.,* 23 Ga. App. 206 (98 SE 108); *Scribner v. Adams,* 36 Ga. App. 754, 756 (138 SE 264).

Once the rule of sequestration is invoked, it is mandatory that said rule of sequestration be complied with by the court. *Montos v. State,* 212 Ga. 764, 765 (95 SE2d 792).