Elwood Eugene GRACE, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Nov. 13, 1973.

Arlen B. Mekler, Asst. Public Defender, and William R. Moser, Asst. Public Defender, Wilmington, of counsel, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The defendant was tried in Superior Court on the charge of robbery. The Trial Court ordered sequestration of all witnesses but, over the defendant's objecttion, excepted the chief investigative police officer. The defendant also contended that if the officer were not sequestered he should testify first. The State's only ground for resisting the latter application was that "It wouldn't be a meaningful situation". The Trial Court rejected both of the defendant's contentions.

The defendant was convicted under 11 Del.C. § 102(c) as an accomplice although indicted as a principal.

Two questions are presented on appeal: (1) whether the Trial Court erred in refusing to sequester the investigating police officer during the testimony of the victim; and (2) whether the Trial Court erred in charging the jury that the defendant was guilty as principal under the indictment if he acted only as accomplice.

I.

We answer the first question in the negative.

Sequestration, most authorities agree, is a matter within the discretion of

the Trial Court and is not demandable as a matter of right,[1] as the defendant argues. It is a time-honored practice to separate witnesses from each other in order to prevent the shaping of testimony by a later witness to correspond with the testimony given by an earlier witness. 6 Wigmore §§ 1838, et seq. 3d Ed. (1940). Moreover, by allowing exposure of differences in testimony, sequestration functions as a simple but effective device for the detection of inconsistencies and fabrications.

■ Although generally held to be discretionary, sequestration is usually granted[2] unless sound reasons[3] exist for refusal or exception. In any event, most jurisdictions except from sequestration the chief investigative police officer in the case, because frequently his knowledge of the case makes him an important trial aid for the prosecuting attorney. See State v. Barts, 132 N.J.L. 74, 38 A.2d 838 (1944);

State v. Hines, 109 N.J.Super. 298, 263 A. 2d 161 (1970); Powell v. United States, Cir. 6, 208 F.2d 618 (1953); United States v. Garafolo, Cir. 7, 385 F.2d 200 (1967).

■ Following the majority rule, we hold in the instant case that the Trial Court committed no abuse of discretion[4] by excepting the police officer from its sequestration order.

## II.

■ We dismiss the defendant's second contention summarily. It is settled that a defendant who has been indicted as a principal may be convicted as an accomplice. Johnson v. State, Del.Supr., 215 A.2d 247 (1965); Crawford v. State, Del.Supr., 245 A.2d 791 (1968).

\* \* \*

Judgment affirmed.

1. Wigmore says sequestration should be demandable as a matter of right not only because of simplicity and feasibility of implementation but also because it is a powerful and practical weapon of defense. 6 Wigmore § 1838, et seq. (3d Ed. 1940). It appears however that, at present, only Georgia, Maryland, and Minnesota hold that sequestration is a matter of right. See State v. Garden, 267 Minn. 97, 125 N.W.2d 591 (1963); Gunn v. State, 4 Md.App. 379, 243 A.2d 15 (1968); Pethel v. Waters, 220 Ga. 543, 140 S.E.2d 252 (1965).

2. Many states have adopted a policy of favoring sequestration whenever possible. In other words, a presumption is created in favor of allowing it, which may be rebutted by showing "good cause" or sound reasons for refusal. It is generally held that a denial, absent a showing of "good cause", is arbitrary and constitutes reversible error. Once "good cause" is established, it is then weighed against the general policy of favoring requests

for sequestration. See People v. Dixon, 23 Ill.2d 136, 177 N.E.2d 206 (1961); State v. Duffen, 104 N.J.Super. 302, 250 A.2d 23 (1969); Stuart v. State, 123 Ga.App. 311, 180 S.E.2d 581 (1971); State v. Bishop, 7 Or.App. 558, 492 P.2d 509 (1972); County of Dade v. Callahan, 259 So.2d 504 (Fla.App. 1972); 32 A.L.R.2d 358.

3. "Sound reasons" could include: interfering with the general efficiency of the court or conduct of the case; preventing the escape of the defendant; preventing tampering with witnesses. Cf. Stuart v. State, 123 Ga.App. 311, 180 S.E.2d 581 (1971).

4. While it appears that discretion was not abused in allowing the officer to stay, it appears to us that the Trial Court should have insisted on a stronger showing by the State of reasons why the police officer should not have been required to testify first. The State's position that "It wouldn't be a meaningful situation" is not very meaningful.