Francis J. Bloustein, J.
Motion for an order dismissing the indictment herein in the interests of justice is granted.
The defendant is charged with and was indicted for the commission of the crime of homicide. Some time after the indictment had been filed, a stipulation was entered into among the office of the District Attorney, by the Assistant District Attorney in charge of the case, the defendant and counsel for the defendant to the effect that the defendant voluntarily agrees to submit to a polygraph examination relating to his guilt or innocence of the commission of the charges in the indictment. This polygraph examination was to be administered by Luis A. Palau, an expert polygraph operator and interpreter and employed by the District Attorney’s office of Bronx County.
It was agreed that if the polygraph examiner should conclude that the results of the polygraph examination administered to the defendant indicated that the defendant was telling the truth in his denial of the facts constituting the crime charged in the indictment, then the People through the District Attorney would recommend to the court that the defendant be discharged upon his own recognizance.
If it were ascertained that the defendant was not telling the truth or should the defendant admit his guilt in the course of or as a result of the examination, the recording of the defendant’s reactions and any admissions made therein by the defendant would be admissible in evidence at the time of the trial of this prosecution. If the results were inconclusive, then it was agreed as if no test had been administered to the defendant and it would be not receivable in evidence at the time of the trial.
Subsequently, the defendant took the test which was administered by Mr. Palau and he "passed” it. In disregard of the terms of the stipulation, no action was taken by the District Attorney to enforce the terms of the stipulation to discharge the defendant on his own recognizance.
The issue before this court is one of first impression. May a stipulation between an Assistant District Attorney and a defendant indicted by a grand jury in the county represented by such prosecutor, and counsel for such defendant be disregarded by one of the parties to the writing?
*712 In the instance under review the District Attorney’s office although party to the stipulation, which was complied with by the defendant, now reneges on its obligation under the writing and refuses to abide by the terms of the stipulation.
While this court in its research has found nothing in point to assist it in its decision on the motion to dismiss the indictment against the defendant, it has uncovered sufficient legal precedent and discussion to support its decision to dismiss the indictment under the authority of CPL 210.25 and CPL 210.40.
Situations requiring appellate courts to deal with analagous questions have arisen and are relied upon by this court in reaching its conclusion. In many of these cases the court is mindful that there are distinguishable features. Here the court was not a party to the stipulation as it was in many of the other cases read in reaching a determination here.
However, this court believes that a stipulation freely entered into, as it was in the instant case has a moral and ethical significance. Stipulations affecting the rights and obligations of the parties to a lawsuit — civil or criminal — are not to be entered into or to be treated lightly. They are important and often necessary adjuncts to the pleadings in an action. Attorneys who this court regards as morally and ethically motivated should rely and if necessary depend on a stipulation. The District Attorney is no less obligated to comply with the terms of a stipulation to which he is a party.
In the opinion of the court the stipulation between the parties is a binding agreement, a contract between the District Attorney and counsel for defendant as well as the defendant whose terms must be enforced. In the interests of justice, a dismissal in this case must be effected even though there may be no other basis for dismissal in law.
The District Attorney in opposing this motion alleges that the stipulation should be vitiated by the parties, particularly by the District Attorney because it has newly discovered evidence. Such affidavit by the District Attorney should be in the nature of an "affidavit of merits.” The court has reviewed the opposing papers and finds nothing of significance that would or should stand in the way of implementing the stipulation. No newly discovered evidence has been disclosed to the court.
It appears that the stipulation herein was entered into by an Assistant District Attorney other than the assistant who
*713 executed the affidavit in opposition to this motion. In People v Griffith (43 AD2d 20, 25), the court in reversing and vacating a judgment of conviction stated: " 'The staff láwyers in a prosecutor’s office bore the burden of "letting the left hand know what the right hand is doing” or has done.’ ” * * * Discussions between prosecutors and defense counsel must be conducted fairly and in 'good faith’.” The underlying facts and the limits of authority should be thoroughly considered in relation to their respective clients before any plea negotiations are even undertaken, no less finalized. For when unconditional commitments are made, the obligations resulting thereupon are equally binding on all the parties. Chaos in the court system and injustice to all parties would result in vacating pleas and judgment on the theory that what was agreed on does not now bind the court, the prosecution or the defense.
Under all the circumstances, the stipulation having been entered into in good faith and the defendant having complied with its terms, the court will hold the District Attorney to the conditions of his stipulation.
Motion to dismiss the indictment is granted.