[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action for monetary damages and other relief arising from personal injuries allegedly sustained by the plaintiff Patrick O'Connor on the playground of his grade school during recess.
On September 27, 2000, the plaintiffs filed a substituted complaint in two counts.
The first count of the complaint alleges that the defendants, all being employees of the Town of Watertown and acting in the scope of their respective employment, were negligent in one or more of the following ways: in that they negligently failed to supervise, have sufficient guidelines regarding the supervision of students, have a sufficient number of adults supervising the students, to place playground equipment over even surfaces, to provide a safe surface under the playground equipment, and to inspect and remedy the dangerous conditions.
The second count of the complaint alleges that as a result of the negligence of said defendants, Michael O'Connor, the minor's father, "has been forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests, and therapy, all necessary to Patrick O'Connor's recovery, and may be forced to expend additional sums in the future."
The defendants filed an amended answer and special defenses chiming that Patrick O'Connor's injuries were caused, in whole or in part, by his own carelessness and negligence and that the first and second counts of the plaintiffs' complaint are barred by the doctrines of statutory and common law governmental immunity.
The defendants filed a motion for summary judgment on the ground that there is no genuine issue of material fact as to the defendants' governmental immunity. The plaintiffs filed an objection to the motion for summary judgment asserting that the defendants are not governmentally immune from liability. The court heard oral argument regarding said motion and reserved decision. CT Page 2913
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46]. . . . Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). . . . Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 374 A.2d 820 (1998). (Internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24-25,727 A.2d 204 (1999)." (Internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
The defendants assert that they are immune from liability based upon the doctrine of governmental immunity. They argue that "[d]ecisions concerning the number of playground supervisors; their method of supervision; the use of the playground equipment; the frequency of inspection; and the type of ground cover under the equipment are all clearly discretionary in nature" and, therefore, they are cloaked with qualified governmental immunity. (Defendants' Memorandum, p. 5). Additionally, the defendants argue that "[t]he conditions that the plaintiff alleges in this matter are of a permanent character" and "the danger alleged was not significant and foreseeable," therefore the imminent harm exception to governmental immunity cannot apply. (Defendants' memorandum, p. 7).
Alternatively, the plaintiffs assert that the defendants are not immune from liability based upon the doctrine of governmental immunity. While the plaintiffs concede that the defendants' actions were "most likely" discretionary, thus cloaking the defendants with qualified governmental immunity, the plaintiffs argue that "Patrick O'Connor was exposed to [the alleged] danger for a specific limited period of time each day" and the danger alleged was significant and foreseeable, therefore, the defendants fall under the "imminent harm" exception to the doctrine of governmental immunity and are not protected from liability. (Plaintiffs' objection, p. 9).
"The doctrines that determine the tort liability of municipal employees are well established." Burns v. Board of Education, 228 Conn. 640, 645, CT Page 2914638 A.2d 1 (1994). "Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937
(1998). "The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . ." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, supra,228 Conn. 645. "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court. . . ." (Internal quotation marks omitted.) Purzycki v.Fairfield, supra, 244 Conn. 107.
The duty to supervise school children has been held to be a discretionary, rather than a ministerial duty. Heigl v. Board ofEducation, 218 Conn. 1, 8, 587 A.2d 423 (1991). Because neither party argues that the defendants' actions were ministerial, that the court finds that the defendants' actions were discretionary in nature, and therefore, the defendants are cloaked with qualified governmental immunity unless an exception to this rule applies.
The court must now consider whether any exception to qualified governmental immunity applies to the defendants. "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505-06, 559 A.2d 1131
(1989). The plaintiffs argue that the imminent harm exception applies to the present case.
The Supreme Court has "construed [the imminent harm] exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education,
supra, 228 Conn. 646. School children who are statutorily compelled to attend school, during school hours on school days, are an identifiable CT Page 2915 class of victims. Id., 649-50. The plaintiff, Patrick O'Connor, as a student at Baldwin School, a public school in Watertown, is an identifiable individual and within a foreseeable class of victims.
The court must now consider whether Patrick O'Connor was in danger of imminent harm. The test for the imminent harm exception is whether there was a foreseeably dangerous condition that was limited in duration and geographical scope. Purzycki v. Fairfield, supra, 244 Conn. 110. InPurzycki, the minor plaintiff was injured in an unsupervised hallway during a one-half hour recess. The court concluded that the danger was limited to the one-half hour interval when students were dismissed from lunch and allowed to travel in an unsupervised hallway on their way to recess. Id. The court also concluded that the risk was foreseeable because the school administrators were aware that unsupervised children are more likely to engage in "horseplay" which may lead to injury. Id.
The plaintiffs argue that, similar to Purzycki, Patrick O'Connor (the foreseeable victim) was exposed to the dangerous condition (the compact hard landing below the playground equipment) for a specific limited period of time each day (50 minutes during luncheon recess). The plaintiffs also argue that "the alleged negligent supervision occurred during this same identifiable and limited time period." (Plaintiffs' objection, pp. 10-11). Furthermore, the plaintiffs argue that they meet the limited geography and the significant and foreseeable harm portions of the imminent harm test. It is well settled in our caselaw that "the existence of imminent harm is a factual issue. . . ." Purzycki v.Fairfield, supra, 244 Conn. 105; Burns v. Board of Education, supra,228 Conn. 647. Both parties submitted documents in support of their respective positions containing facts that should be reviewed by the fact finder and are not properly considered for summary judgment. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney,168 Conn. 431, 434, 362 A.2d 857 (1975).
In the instant case, the court finds that there are genuine issues of material fact as to whether the alleged lack of supervision and the defendants' alleged failure to act with reasonable care under the circumstances subjected Patrick O'Connor to potential imminent harm resulting in his injuries and whether Patrick O'Connor's injuries CT Page 2916 resulted from the defendants' actions.
The court further finds that there are genuine issues of material fact as to whether the defendants are immune from liability under the doctrine of governmental immunity, and therefore, the defendants' motion for summary judgment is hereby denied.
By the Court,
Joseph W. Doherty, Judge.