[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #109
This action was filed on October 11, 2000, by Joaquim (Jack) Pereira naming three separate parties as defendants, his wife, Rita Pereira,[1]
his attorney, Salvatore A. Maresca, Jr., and, finally, People's Bank (the bank). In his complaint the plaintiff alleges that Rita Pereira fraudulently obtained a check from Maresca made payable to the plaintiff, which she cashed at the bank after forging the plaintiff's signature. Allegedly, the check was drawn on funds received in settlement of the plaintiff's personal injury suit.
Presently before this court is a motion for summary judgment filed by the bank as to the claims made against it in the plaintiff's complaint. The bank argues that the plaintiff's claims against it are barred by the applicable statutes of limitations, General Statutes §§ 42-110g (f)[2]
and 52-577,[3] and that the plaintiff lacks standing under General Statutes § 42a-3420.[4]
The plaintiff organized his complaint into four separate counts against the defendants. Count one is directed at Maresca for "illegally enriching himself" by taking 35 percent of the settlement proceeds from the plaintiff's personal injury suit instead of 25 percent and, further, by failing to forward the remaining proceeds of the plaintiff's personal injury settlement to the attorney who represented the plaintiff in his criminal and deportation proceedings. Count two is also directed at Maresca for forwarding settlement proceeds to Rita Pereira without the plaintiff's consent. Count three is directed at Rita Pereira for CT Page 15857 defrauding the plaintiff by materially misrepresenting herself to Maresca claiming that she needed money for the plaintiff's defense fund. Count four is aimed at the bank and alleges that the bank was a part of the fraud perpetrated by Rita Pereira and that the bank should have had in place safeguards to prevent such frauds and should have caught onto the scam.
The bank moves for summary judgment arguing that all allegations made by the plaintiff in count four are time barred, and it is therefore entitled to summary judgment as a matter of law. Further, the bank argues that under § 42a-3-420 (a) the plaintiff never had a cause of action against the bank. The plaintiff opposes the bank's motion for summary judgment, arguing that the statute of limitations was tolled when the forgery was reported to the bank and also that the accidental failure of suit statute, General Statutes § 52-592,[5] saves the plaintiff's action against a claim of untimeliness.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership. 243 Conn. 552, 554, 707 A.2d 15 (1998). "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381, 374 A.2d 820 (1998).
 A
Although the plaintiff's complaint is inartfully drafted, the plaintiff represents that his complaint, insofar as it is directed against the bank, alleges fraud, "personal injury" and a violation of CUTPA. As to the fraud claim, the plaintiff has provided evidence that a check made payable to the plaintiff and bearing the plaintiff's signature was cashed by the bank. The evidence submitted by both parties establishes that this check was processed by the bank on January 10, 1996. Therefore, it is CT Page 15858 undisputed that the act or omission complained of by the plaintiff occurred on January 10, 1996.
The plaintiff's claim of fraud is time barred under § 52-577. "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329
(1996) (concerning General Statutes § 52-577, only facts material to court's decision on summary judgment motion are dates of alleged wrongful conduct and date action was filed). "[T]ort claims are governed by a three year statute of limitations. . . ." Krondes v. Norwalk SavingsSociety, 53 Conn. App. 102, 113, 728 A.2d 1103 (1999). It is undisputed that the act or omission complained of happened on January 10, 1996. Therefore, the plaintiff needed to commence an action sounding in tort before January 10, 1999, in order to satisfy the applicable statute of limitations. The present action was filed on October 11, 2000, well beyond the three year limitations period.
To the extent that the complaint alleges personal injury, such a claim is governed by General Statutes § 52-584.[6] Under this statute, any claim of negligence against the bank is also barred as having been brought beyond the time limitations established by § 52-584.
As to the CUTPA claim, the plaintiff argues that the bank violated CUTPA by being a part of the fraud perpetrated by Rita Pereira and by making false, deceptive and misleading statements in response to his inquiries so as to "cover its tracks." The statute of limitations for a CUTPA claim is three years from the occurrence of the violation. General Statutes § 42-110g (f); Krondes v. Norwalk Savings Society, supra,53 Conn. App. 113. Thus, "if the deceptive acts that . . . form the basis of the CUTPA claim occurred more than three years prior to the commencement of the action, that claim is time barred." Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1,46, 717 A.2d 77 (1998). However, "independent fraudulent or deceptive acts taking place within that three year period that have been undertaken for the purpose of concealing actionable conduct occurring prior to the three year period" may independently form the basis of a CUTPA violation. Id.
Despite the plaintiff's allegations and arguments, however, the plaintiff has failed to submit any evidence sufficient to raise a genuine issue of fact regarding any conduct or representations on the part of the bank occurring within the three year limitations period that were fraudulent, deceptive, false, misleading or designed to conceal the existence of any cause of action the plaintiff may have had against it. CT Page 15859 Moreover, to the extent that the plaintiff claims as a basis for a CUTPA violation the alleged fraudulent cashing of the check by the bank on January 10, 1996, that claim is barred by § 42-110g (D) having been brought more than three years after the alleged violation occurred. Therefore, as the plaintiff has failed to establish as a basis for a CUTPA violation any acts or omissions on the part of the bank occurring within the three year limitations period, § 42-110g (f) bars the plaintiff's CUTPA claim.
The plaintiff makes two arguments that the applicable statutes of limitations were tolled. First, the plaintiff argues that his claims are not time barred because he put the bank on notice of the fraud before the three year statute had expired thereby tolling the statute. There is evidence of correspondence between the bank and the plaintiff regarding the alleged forgery beginning on or about September 15, 1997. This evidence does not, however, establish that the statute of limitations was tolled. A statute of limitations is tolled when a debtor clearly and unequivocally acknowledges a specific debt and its liability for such debt. Buckley v. Buckey, 144 Conn. 403, 411, 133 A.2d 604 (1957); see also Zapolsky v. Sacks, 191 Conn. 194, 198, 464 A.2d 30 (1983); McMillan Rainbow v. Eagle Hill Corp., Superior Court, judicial district of Fairfield in Bridgeport, Docket No. 320361 (October 20, 1997, Stevens,J.). "From an unequivocal acknowledgment of the indebtedness the law will imply an unconditional promise to pay. . . ." Buckley v. Buckley, supra, 411. In the present case, there is no evidence that the bank ever acknowledged owing the plaintiff a debt, and, therefore, the bar of the statute of limitations was not removed. Id.
The plaintiff also argues that his claims are not time barred because § 52-592, the accidental failure of suit statute, gave him an extra year to file his claim in state court after his federal lawsuit was dismissed. While it is true that a party whose cause of action is dismissed for want of jurisdiction "may commence a new action . . . for the same cause at any time within one year after the determination of the original action"; General Statutes § 52-592 (a); this does not provide any relief for the plaintiff in the present case. The plaintiff's action was dismissed by the Federal District Court for the District of Connecticut for lack of jurisdiction on August 5, 1999. See Pereira v.Antignani Maresca, United States District Court, Docket No. 1030 (D.Conn. August 5, 1999, Chatigny, J.) (dismissing plaintiff's § 1983 action for lack of jurisdiction). Applying § 52-592, the plaintiff would have had until August 5, 2000, to file a new action. The plaintiff did not file in this court until October 11, 2000, with the sheriff's return showing service of process on October 3, 2000. Moreover, §52-592 (d) provides that the statute applies only to actions between the same parties. The plaintiff filed his claim in federal court against the CT Page 15860 law firm of Antignani Maresca. The suit in federal court did not name the bank as a party, therefore, § 52-592 would not give the plaintiff any extension of time to file a claim against the bank. Therefore, because the bank was not named in the case filed in federal court, §52-592 does not apply.
In summary, there is no evidence which puts the dates material to the applicable statutes of limitations in question or otherwise raises any factual issues relevant to whether the statutes apply to bar the plaintiff's claims against the bank. Therefore, there are no genuine issues of material fact and the bank is entitled to judgment as a matter of law on the basis that the plaintiff's claims against it are barred by the applicable statutes of limitations. Accordingly, the defendant People's Bank's motion for summary judgment is granted.
Skolnick, Judge