# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL WEBER, | § | |
| | § | No. 450, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 0408022175 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 15, 2015
Decided: May 12, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

### ORDER

On this 12th day of May 2015, it appears to the Court that:

(1) Defendant-Below/Appellant Paul Weber appeals from a Superior Court order denying his Rule 35(b) motions for sentence correction. Weber raises three claims on appeal. First, Weber argues that this Court's ruling in his direct appeal constituted an acquittal and barred retrial of his Attempted First Degree Robbery charge under the Double Jeopardy Clause of the Fifth Amendment. Second, Weber contends that the trial court erred when it considered his Attempted Robbery conviction as a qualifying offense for purposes of habitual offender sentencing under 11 *Del. C.* § 4214(a). Third, Weber contends that the trial court erred when it held

that he rejected the State's original plea offer and was therefore not entitled to specific performance of that offer. We find no merit to Weber's appeal. Accordingly, we affirm.

(2) On September 20, 2004, a grand jury indicted Weber on charges of Attempted First Degree Robbery and Attempted First Degree Carjacking.[1] In March 2005, a jury convicted Weber of both charges. Weber was declared a habitual offender and sentenced to an aggregate 28 years at Level V. On appeal, we affirmed his conviction for Attempted First Degree Carjacking, but reversed his conviction for Attempted First Degree Robbery and remanded that charge for a new trial because the trial court erroneously denied Weber's request for a jury instruction on the lesser included offense of Offensive Touching.[2]

(3) After the case was remanded for a new trial, plea discussions occurred between Weber and the State. The State offered Weber a plea agreement in which he would receive five years incarceration. Weber responded that he would only accept the plea offer if he was credited for the two years that he had already served. The State modified its offer with a recommendation of seven years incarceration, with

---

[1] For a detailed summary of the attempted robbery *see Weber v. State*, 971 A.2d 135 (Del. 2009) (hereinafter "*Weber I*").

[2] Specifically, this Court found that there was "sufficient evidence to support an acquittal of the First Degree Robbery Charge and a conviction of the lesser included offense of Offensive Touching." *Id.* at 142.

2

credit for time served, designed so that Weber would still serve the additional five years. Weber did not accept the State's modified offer and the case proceeded to trial.

(4) Weber was retried for Attempted First Degree Robbery, and convicted by a jury on April 24, 2010. Weber filed a post-trial motion for judgment of acquittal, which the trial court denied. In December 2010, Weber was declared a habitual offender for sentencing purposes. In October 2010, Weber filed a motion seeking specific performance of the plea bargain that the State had previously offered. The trial court denied the motion, finding that Weber rejected the State's plea offer and instead chose to go to trial. Weber was sentenced to 25 years at Level V for Attempted First Degree Robbery. Weber appealed his conviction to this Court and we affirmed.[3]

(5) Between November 2, 2012, and April 22, 2014, Weber filed several motions pursuant to Superior Court Criminal Rule 35. The trial court denied those motions. This appeal followed.

(6) We review a trial court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[4] To the extent the claim raised involves a question of law, we review the claim *de novo*.[5]

---

[3] *Weber v. State*, 38 A.3d 271, 278 (Del. 2012) (hereinafter "*Weber II*").
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*

3

(7) Superior Court Rule of Criminal Procedure 35 provides, in pertinent part:

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Rule 35(a) is narrow in scope, serving only to permit correction of an illegal sentence.[6] "Relief under Rule 35(a) is available 'when the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause . . . .'"[7] "Rule 35(a) is not a proper vehicle for a defendant to obtain review of alleged errors occurring at trial."[8]

(8) In his first claim, Weber contends that this Court's reversal of his Attempted Robbery conviction in *Weber I* amounted to an acquittal and barred retrial on the charge of Attempted Robbery. "Where an appellate court overturns a jury's guilty verdict on insufficiency of evidence grounds, the Double Jeopardy Clause of the United States Constitution bars retrial of the defendant."[9] Title 11, Section 207 of the Delaware Code states, in pertinent part:

> There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination by the court that there was insufficient evidence to warrant a conviction. A finding

---

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citing *Hill v. United States*, 368 U.S. 424, 430 (1962)).

[7] *Id.* (quoting *United States v. Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992)).

[8] *Ward v. State*, 2006 WL 1343639. at *1 (Del. May 15, 2006) (citing *Brittingham*, 705 A.2d at 578).

[9] *Monroe v. State*, 652 A.2d 560, 567 (Del. 1995) (internal citations omitted).

4

of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.[10]

(9) This Court's finding in *Weber I* that there was "sufficient evidence to support an acquittal of the First Degree Robbery Charge"[11] is not synonymous to a finding of insufficient evidence to support Weber's conviction. In *Weber I*, we reviewed the Appellant's claims and determined that the trial court's failure to give an adequate instruction on the lesser-included offense of Offensive Touching required reversal of Weber's Attempted Robbery conviction. Our decision cannot be reasonably construed as a finding that the evidence was insufficient to support Weber's conviction because our inquiry was limited to whether the instruction was available as a matter of law, and if so, whether the evidence at trial supported a conviction on the lesser-included offense.[12]

(10) The court below correctly noted that our decision in *Weber I* "does not mean that [Weber] *should* have been acquitted but merely that a reasonable jury *could* have acquitted [Weber] on the robbery charge and [the jury] should have been allowed to consider the lesser included offense of Offensive Touching."[13] In *Weber I*, we expressly stated that if the jury did not find the victim's "testimony entirely

---

[10] 11 *Del. C.* § 207(1).

[11] *Weber I*, 971 A.2d at 142.

[12] *See id.* at 141.

[13] *Weber*, 2014 WL 4167492, at *4 (emphasis in original).

5

credible, they *could* have concluded that the State failed to prove beyond a reasonable doubt that Weber attempted first degree robbery."[14] Because the trial court's determination is the only reasonable construction of our decision in *Weber I*, we find no merit to Weber's first claim.

(11) In his second claim, Weber contends that the trial court erred when it considered Attempted Robbery as a qualifying offense under 11 *Del. C.* § 4214(a) for purposes of habitual offender sentencing. Specifically, he argues that because an attempt to commit a crime is mentioned in 11 *Del. C.* § 4214(b) but not in § 4214(a), his conviction for Attempted Robbery was not a qualifying offense.[15] Because we find this claim to be outside the limited scope of a Rule 35 motion, we will not

---

[14] *Weber I*, 971 A.2d at 142 (emphasis added).

[15] 11 *Del. C.* § 4214 provides, in pertinent part, as follows:

> (a) Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted . . . .
> (b) Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment. Such sentence shall not be subject to the probation or parole provisions of Chapter 43 of this title.

(specifically named offenses omitted).

6

consider it here. If this claim can be addressed post-conviction, it must be raised in an application under Rule 61, subject to the procedural bars and other provisions of that rule.

(12) In his final claim, Weber argues that the State violated his due process rights and his right to a fair trial when it revised its original plea offer prior to trial, and that the trial court erred by holding that the State was free to change the plea offer even after it was accepted.

(13) "[T]he State may withdraw from a plea bargain agreement at any time prior to, but not after, the actual entry of the guilty plea by the defendant or other action by him constituting detrimental reliance upon the agreement."[16] Here, the record reflects that Weber and the State never reached a final agreement as to the plea offer. The State wanted Weber to serve an additional five years of incarceration, but Weber was only willing to accept an offer that credited time served so that he would serve only three years of incarceration. Weber never accepted the State's plea offer. Nor is there any evidence in the record showing that he detrimentally relied on the State's plea offer.[17] Accordingly, Weber's final claim fails.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

---

[16] *Shields v. State*, 374 A.2d 816, 820 (Del. 1977).

[17] *State v. Everett*, 2006 WL 2728762, at *2 (Del. Super. Aug. 14, 2006) (finding that a defendant's disappointment in not having a plea agreement does not constitute detrimental reliance).

7

Court is **AFFIRMED**.

BY THE COURT:

_____
Justice

8