IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMOTT STEVENSON, | § | |
| | § | |
| Defendant Below, | § | No. 306, 2015 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1201020817A |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 13, 2016
Decided: January 19, 2016

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 19th day of January, 2016, it appears to the Court that:

(1)  Lamott Stevenson and two accomplices participated in a home invasion in 2011.  Before his trial, Stevenson rejected a plea offer by the State.  At the time of the plea offer, the State's counsel and Stevenson's Trial Counsel were both unaware that Stevenson qualified as an habitual offender.  Stevenson had a felony conviction in federal court that, combined with prior felony convictions in state court, made him eligible for habitual offender sentencing.  The jury convicted Stevenson, and the court sentenced him as an habitual offender to an aggregate of 192 years in prison.  Stevenson now appeals from the Superior Court's denial of

his motion for postconviction relief. He argues that his Trial Counsel was ineffective for failing to discover his federal felony conviction and counsel him on the possibility of sentencing as an habitual offender. Because the Superior Court did not abuse its discretion when it determined that Stevenson failed to show prejudice under the second prong of the test in *Strickland v. Washington*,[1] we affirm.

(2) The facts surrounding Stevenson's crimes are not in dispute. On December 15, 2011, Stevenson and two accomplices broke into the home of a married couple to rob them. They beat the husband with a crowbar and threatened the wife with a gun. Eventually, the husband was able to get to his own gun and fired some shots, which convinced the robbers to flee. The police later tracked down Stevenson and arrested him. The State charged Stevenson in a twenty-three count indictment.

(3) The State offered Stevenson a single plea deal on three occasions before his trial. The terms were that if Stevenson agreed to plead guilty, identify his co-conspirators, and testify truthfully against them, the State would drop all but six of the counts against him. There would then be a pre-sentence investigation and open sentencing, and Stevenson would face between 14 and 117 years incarceration. Stevenson rejected the deal each time it was offered.

---

[1] 466 U.S. 668 (1984).

(4)     Trial Counsel and the State knew that Stevenson had two felony convictions in Delaware state court.  But just before trial, the State learned that Stevenson also pled guilty in 2009 in federal district court to possession of a firearm by a felon.  Although the State had turned over Stevenson's DELJIS criminal history report to Trial Counsel during discovery, the DELJIS report did not include the federal conviction.  Trial Counsel did not learn of the federal conviction until sometime during trial.  The federal conviction made Stevenson eligible for sentencing as an habitual offender under 11 *Del. C.* § 4214(a).

(5)     The jury convicted Stevenson of two counts of robbery first degree, burglary first degree, assault second degree, conspiracy second degree, two counts of possession of a firearm during the commission of a felony, three counts of possession of a deadly weapon during the commission of a felony, and wearing a disguise during the commission of a felony.  Before sentencing, the State filed a petition to have Stevenson declared an habitual offender, which the Superior Court granted.  The trial judge sentenced Stevenson to an aggregate of 192 years incarceration.  Stevenson filed a direct appeal, and this Court affirmed his convictions.[2]

(6)     Stevenson then filed a motion for postconviction relief, making a claim of ineffective assistance of counsel.  Stevenson, Trial Counsel, and the State

---

[2] *Stevenson v. State*, 83 A.3d 738 (Del. 2013) (Table).

submitted affidavits. Stevenson contended that Trial Counsel told him that he faced fifteen years of mandatory prison time if he accepted the State's pre-trial plea, but only twenty if he were convicted of all charges. He claimed the prospect of being sentenced as an habitual offender was never discussed. Trial Counsel stated that he did not discuss habitual offender sentencing with Stevenson because the State had not expressed an intention to petition for it. He also stated that "Stevenson was not remotely interested in taking the plea offers extended by the State."[3] Finally, the State contended that once it learned of Stevenson's federal conviction on the eve of trial, any plea deal was off the table. The State further noted that the previous plea offer did not include a promise not to seek habitual offender sentencing, and that all plea offers included pre-sentence investigations, which would have revealed the federal conviction.

(7) A Superior Court commissioner denied Stevenson's Rule 61 motion, finding that Trial Counsel's performance was not deficient and that Stevenson suffered no prejudice. Stevenson then appealed that denial to a Superior Court judge, who affirmed and adopted the commissioner's decision.[4] This appeal followed.

---

[3] App. to Opening Br. at 59 (Trial Counsel's Aff.).
[4] *State v. Stevenson*, No. 1201020817A (Del. Super. May 26, 2015).

4

(8)     This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[5]  We carefully review the record to determine if competent evidence exists to support the Superior Court's findings, and review questions of law *de novo*.[6]  To prevail on a claim of ineffective assistance of counsel under *Strickland*, Stevenson must show that there was (1) deficient attorney performance, i.e., Trial Counsel's performance fell below an objective standard of reasonableness, and (2) prejudice resulted from that deficient performance.[7]

(9)     Stevenson argues Trial Counsel was ineffective because his failure to discover the federal conviction fell below an objective standard of reasonableness, and that failure prejudiced him by preventing him from taking the plea offered by the State.  The *Strickland* standard is applicable in the plea context.[8]  A defendant bears a heavy burden to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable conduct.[9]  In order to show prejudice, Stevenson must also establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

[5] *Neal v. State*, 80 A.3d 935, 941 (Del. 2013).
[6] Id.
[7] *Strickland*, 466 U.S. 668.
[8] *See Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (applying *Strickland* in the context of a guilty plea challenge); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).
[9] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014).

different."[10]  Because Stevenson argues he suffered prejudice by *not* entering a guilty plea, he must show that with competent advice, he would have accepted the guilty plea, it would not have been withdrawn, and it would have resulted in a penalty less severe than what he suffered.[11]  We find the lack of prejudice dispositive of this appeal.  Therefore we do not decide whether counsel's performance was deficient.[12]

(10)  Stevenson cannot show that there was a reasonable probability he suffered prejudice because of Trial Counsel's failure to discover the federal conviction.[13]  With some exceptions not applicable here, under 11 *Del. C.* § 4214(a), any person who has committed three felonies[14] and commits a fourth felony can be declared an habitual offender, subjecting that person to enhanced sentencing.  Under this enhanced sentencing, the statutory maximum for the fourth

---

[10] *Strickland*, 466 U.S. at 694.

[11] *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) ("[Where] the ineffective advice led not to an offer's acceptance but to its rejection[,] a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."); *see also Kalil v. State*, 2014 WL 2568029, at *4 n.24 (Del. 2014).

[12] *Hoskins*, 102 A.3d at 730 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."); *Burns v. State*, 76 A.3d 780, 789 (Del. 2013) ("We need not reach the question of whether Counsel's conduct was objectively unreasonable, as Burns has failed to demonstrate prejudice.").

[13] *Hoskins*, 102 A.3d at 730.

[14] The felony convictions can have been in Delaware, "any other state, [the] United States or any territory of the United States."  11 *Del. C.* § 4214(a).

offense becomes the minimum for that offense, and the maximum becomes life in prison. Under 11 *Del. C.* § 4215(b), as soon as it appears to the State or the court that § 4214 should be applied, the State must file a motion to have the defendant declared an habitual offender. The State has discretion whether to seek sentencing under § 4214.[15]

(11) Stevenson was eligible for habitual offender sentencing because of his three prior felony convictions. Even if he had accepted the State's plea offer, the State would have been free to seek habitual offender sentencing. The State never suggested that it would not seek sentencing under § 4214 as part of its plea offer. It is also doubtful that the State would have agreed to the plea offer once it learned of the third felony conviction. Those offers were made before the State knew habitual offender sentencing was a possibility. It is also unlikely that Stevenson would have accepted a plea deal even if he had been aware of his habitual offender status because Stevenson "was not remotely interested" in accepting the plea he was offered.[16] His attempt mid-trial to solicit a six-year plea[17] demonstrated his failure to appreciate the severity of the charges he was facing.

---

[15] *See Johnson v. State*, 962 A.2d 917 (Del. 2008) (Table) ("[T]he State had discretion to seek habitual offender sentencing as to only one of those convictions."); *Reeder v. State*, 783 A.2d 124 (Del. 2001) (Table) ("[T]he State has the discretion to seek habitual offender status for each count or none.").

[16] App. to Opening Br. at 59 (Trial Counsel's Aff.).

[17] *Id.* at 63 (State's Aff.).

(12) The Superior Court thoroughly considered these facts and concluded that Stevenson failed to show prejudice.[18] Prejudice exists only if there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19] Because it was unlikely Stevenson would have accepted a plea offer under any circumstances, and he could have been sentenced as an habitual offender even if he had, there was no "reasonable probability" of a different outcome.

(13) Stevenson also argues that because he was not aware of the possibility of habitual offender sentencing, had he taken the State's plea offer, the State would have been bound not to seek sentencing under § 4214. According to Stevenson, this is because the material difference between the State's offer and habitual offender sentencing would have rendered his plea less than "knowing and intelligent" if the State sought habitual offender sentencing.

(14) Stevenson's argument is premised on a hypothetical scenario where Stevenson accepted the State's plea offer, which did not happen. Stevenson ignores the fact that when the State made its plea offer, it was as ignorant as he was of the prospect of sentencing under § 4214. As discussed above, the State would not have agreed to the plea bargain if it had known about the federal conviction.

---

[18] *Id.* at 80-81 (Commissioner's Report); *State v. Stevenson*, No. 1201020817A (Del. Super. May 26, 2015).
[19] *Purnell v. State*, 106 A.3d 337, 342 (Del. 2014).

8

The State could likely have retracted its plea offer at any time before Stevenson actually entered a guilty plea.[20] Stevenson, too, likely would have been allowed to withdraw his guilty plea.[21] Allowing withdrawal of the plea would solve the problem of the plea not being "knowing and intelligent," but would be of no help to Stevenson because it would not require that the State forego habitual offender sentencing.[22] Further, the likelihood that Stevenson or the State would have sought to withdraw a guilty plea undermines Stevenson's *Strickland* argument, which would require that the plea not be withdrawn.[23] Stevenson has therefore failed to show that there was a "reasonable probability" that the outcome of his case would have been different. The Superior Court therefore did not abuse its discretion when it denied the motion.

---

[20] *See Shields v. State*, 374 A.2d 816, 820 (Del. 1977) ("[T]he State may withdraw from a plea bargain agreement at any time prior to, but not after, the actual entry of the guilty plea by the defendant or other action by him constituting detrimental reliance upon the agreement.").

[21] *See Scarborough v. State*, 938 A.2d 644, 649-50 (Del. 2007) (lack of knowledge of consequences of plea is grounds for withdrawal).

[22] *See* App. to Opening Br. at 61 (State's Aff.) ("That avenue [the guilty plea] became closed when the State learned of the Defendant's status as a habitual offender—due to the discovery of a 2009 Federal Conviction—on the eve of trial.").

[23] *See Lafler*, 132 S. Ct. at 1385 ("[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea *and the prosecution would not have withdrawn it in light of intervening circumstances*), that *the court would have accepted its terms*, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.") (emphasis added).

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice